IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL K. WHITTINGTON, | No. C-04-1539 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S LETTER BRIEF SEEKING RECONSIDERATION OF DISMISSAL** |
| v. | |
| OWENS-ILLINOIS, | (Docket No. 37) |
| Defendant. | |

    Before the Court is a "letter of appeal" from plaintiff Darrell K. Whittington ("Whittington"), filed April 18, 2005, by which he seeks to explain his failure to prosecute the instant action. Whittington states that he has been unable to attend to the instant litigation because of family hardships, including a death in the family and his wife's recovery from cervical spine surgery, and his need to attend to "a legal matter with Contra Costa County Court." Whittington further states that he has submitted letters to all parties with respect to settling the instant action and requests that "a hearing be re-scheduled for settlement."[1]

    The Court construes Whittington's "letter of appeal" as a motion for reconsideration of the Court's March 28, 2005 order dismissing the action for failure to prosecute. Rule 60(b) of the Federal Rules of Civil Procedure sets forth various bases for relief from a final

---

[1] Whittington's statements are not attested to under penalty of perjury.

judgment of dismissal, of which the most relevant to the instant motion are the grounds set forth in Rule 60(b)(1). Rule 60(b)(1) provides that a court "may relieve a party" from a final judgment on the basis of "mistake, inadvertence . . . or excusable neglect." See Fed. R. Civ. P. 60(b)(1). For the reasons set forth below, the Court finds that Whittington's pattern of ignoring his obligations in prosecuting the above-titled action is so extreme that it does not fall within the scope of Rule 60(b)(1) and, indeed, constitutes a deliberate choice rather than mere carelessness or inadvertence. See Bateman v. United States Postal Service, 231 F.3d 1220, 1223 (9th Cir. 2000) (noting that "excusable neglect" covers cases of negligence, carelessness and inadvertent mistake).

As set forth in the Court's dismissal order, Whittington has never appeared in court and has never taken any action to prosecute his claims, other than sending two letters to the Court arguing that the case should not be dismissed for failure to prosecute. When defendant initially moved to dismiss the action for lack of service, Whittington did not file a response to the motion. When defendant thereafter moved to dismiss the action as time-barred, Whittington did not respond. Whittington failed to prepare a case management statement and failed to appear as ordered at the October 15, 2004 case management conference. When the Court issued an order to show cause why the action should not be dismissed for failure to prosecute, Whittington failed to file a timely response. When he finally responded, a week late, to the order to show cause, he explained that he had been attending to a "family crisis," and that he did not receive the order to show cause promptly because of a change of address of which he had failed to advise the Court previously, in violation of the Civil Local Rules. The Court reinstated the action, but cautioned Whittington that any future failure to comply with the Court's Pretrial Order could result in the imposition of sanctions, including dismissal of the action.

Such warning was entirely ineffectual. Whittington thereafter failed to appear at his deposition, and failed to respond to defendants' request for production of documents. He disobeyed the Court's orders to file a status conference statement and to appear at a March 18, 2005 status conference. Finally, he failed to respond to defendant's motion to

2

dismiss the action for failure to prosecute and for imposition of discovery sanctions.

In short, in the year this action has been pending, Whittington has done absolutely nothing to prosecute this action. While the Court recognizes that serious family problems may require Whittington's immediate attention, he has never even attempted to notify the Court of such problems until after he has violated the Court's orders. Similarly, there is no evidence that Whittington ever contacted defendant to attempt to reschedule his deposition or to request more time to comply with defendant's request for documents. Finally, Whittington acknowledges that he has found the time to attend to other legal proceedings. The Court finds that Whittington's repeated failure to take any action to prosecute his claims against defendant cannot be attributed to "mistake" or "inadvertence."

In considering whether to vacate a final judgment due to "excusable neglect," the Court is required to weigh the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in bad faith." See Bateman, 231 F.3d at 1223-1224 (citing Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993)). The above-titled action has been pending before the Court for a full year, without any attempt whatsoever on the part of Whittington to prosecute his claims. Defendant is entitled to a reasonably prompt resolution of the serious charges of discrimination Whittington has alleged against it, and has been prejudiced by Whittington's complete failure to participate in the litigation and to provide discovery. In addition, Whittington's repeated refusal to comply with the Court's orders to appear at case management and status conferences has precluded the Court from establishing a trial schedule for resolution of the action. Although family considerations of the nature Whittington describes might provide good cause for continuing a particular hearing, or delaying the deadline for responding to discovery, Whittington cannot rely on such matters to effectively stay the entire litigation indefinitely, particularly where Whittington has never made any attempt to obtain relief from the Court prior to the date of any hearing or of his deposition, or prior to the date any of his court filings or discovery responses were due.

Finally, the Court finds that Whittington has acted willfully and in bad faith.  The Court recognizes that pro se litigants are frequently unfamiliar with court practices, and the Court has given Whittington the benefit of the doubt in the past.  Whittington's complete failure to prosecute this action, however, even when warned by the Court that such inaction could result in the imposition of sanctions, including dismissal of the case, cannot be attributed to an unfamiliarity with Court procedures.  Whittington's utter disregard of the Court's orders, and his refusal to comply with any of defendant's discovery requests, indicates a deliberate choice not to participate in the litigation, particularly in light of his admission that he has participated in a legal matter pending in another court.  Whittington chose to file this action and it was his duty to prosecute it.  Having repeatedly refused to do so, even after being warned that such failure could result in dismissal of the case, he has not shown his failure to prosecute the action was due to excusable neglect.

In sum, Whittington has failed to establish that his failure to prosecute this action was due to mistake, inadvertence or excusable neglect, and thus has failed to set forth grounds for vacating the Court's order of dismissal.

Accordingly, Whittington's "letter of appeal" seeking reconsideration of the Court's March 28, 2005 order dismissing the above-titled action for failure to prosecute is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 21, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge