IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL K. WHITTINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>OWENS-ILLINOIS,<br><br>    Defendant.<br>_____/ | No. C-04-1539 MMC<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |

    By order filed July 27, 2007, the Court of Appeals for the Ninth Circuit remanded the above-titled action to the Court for the limited purpose of ruling on plaintiff Darrell K. Whittington's request, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, for an extension of time to file a notice of appeal from the Court's order of February 1, 2007.[1]  Having considered plaintiff's request, the Court rules as follows.

    Under Rule 4(a)(6), the district court may "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if the following three conditions are satisfied:

    "(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to

---

[1] Plaintiff's request is included within the notice of appeal filed May 22, 2007.

be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

See Fed. R. App. P. 4(a)(6).

Plaintiff has demonstrated he did not receive notice of the Court's order of February 1, 2007 until May 14, 2007, (see Pl.'s Ex. A), which is more than 21 days after the entry of said order. Plaintiff filed the instant request within 7 days of May 14, 2007.[2] Finally, there is no showing any party would be prejudiced if plaintiff is afforded leave to file a notice of appeal from the order of February 1, 2007.[3] Consequently, all three conditions set forth in Rule 4(a)(6) are satisfied.

Accordingly, plaintiff's request for an extension of time to appeal is hereby GRANTED. Because plaintiff's notice of appeal has already been filed, plaintiff need not taken any further step regarding the filing of a notice of appeal, unless plaintiff is so directed by the Court of Appeals.

The Clerk is directed to serve a copy of this order on the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: July 31, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2]Plaintiff is incarcerated in a state prison. Although plaintiff's request pursuant to Rule 4(a)(6) was filed in the District Court on May 22, 2007, which is 8 days after May 14, 2007, plaintiff necessarily delivered said request to prison officials for mailing, at the latest, on May 21, 2007, which is 7 days after May 14, 2007. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding legal document deemed "filed at the time [a prisoner] deliver[s] it to the prison authorities for forwarding to the court clerk").

[3]Although plaintiff served defendant with the instant request, defendant did not file any opposition or other response, and, consequently, has not demonstrated it would be prejudiced by the filing of a notice of appeal from the order of February 1, 2007. Further, no prejudice is apparent from the record.